UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE STEWART,

    Plaintiff,

v.

MARATHON PETROLEUM
COMPANY, LP, et al.,

    Defendants.
_____/

Case No. 2:18-cv-12510

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER GRANTING DEFENDANT
## POLAR TANK TRAILER, LLC'S MOTION TO DISMISS [14]

On August 13, 2018, Plaintiff Eddie Stewart filed his complaint against four defendants for alleged injuries sustained during the explosion of a gas tanker he was driving. ECF 1, PgID 8–9. The explosion occurred on August 11, 2016 near Anna, Ohio. *Id.* at 8. Three defendants answered Stewart's complaint. *See* ECF 6, 10, and 11. On November 15, 2018, Defendant Polar Tank Trailer, LLC ("Polar Tank") filed a motion to dismiss. ECF 14. Plaintiff did not timely respond. The Court has reviewed the motion and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(h). For the reasons below, the Court will grant Polar Tank's motion.

### BACKGROUND[1]

Polar Tank seeks dismissal of the case against it for lack of personal jurisdiction. ECF 14, PgID 102 (citing Fed. R. Civ. P. 12(b)(2)). Polar Tank is a Minnesota limited liability company. ECF 1, PgID 2. In August 2015, Defendant Quality Carriers, Inc.

---

[1] At the motion to dismiss stage, the Court construes the facts in the light most favorable to the Plaintiff. The fact summary does not constitute a finding of fact.

1

("Quality Carriers") purchased a tanker from Polar Tank. ECF 14, PgID 102. After manufacturing the tank in Minnesota, Polar Tank shipped the tanker to Quality Carriers in Tampa, Florida. *Id.*

In August 2016, Quality Carriers assigned Stewart to transport fertilizer in a Polar Tank trailer Quality Carriers had purchased. ECF 1, PgID 4; *see also* ECF 14, PgID 102. "Stewart delivered the fertilizer material in Michigan without incident." ECF 1, PgID 4. Quality Carriers then instructed Stewart to have Qualawash Holdings wash out and empty the tanker. *Id.* at 5.

On August 10, 2016, after cleaning the tanker, Stewart proceeded to a refinery operated by Defendant Marathon Petroleum Company, LP ("Marathon"). *Id.* A Marathon employee filled the tanker with a dark fluid, which he informed Stewart was "a 'spin-off of caustic soda[.]'"[2] *Id.* at 6. The Marathon employee "over-loaded" the tanker and Stewart was required to reduce the weight of the tanker before leaving Marathon's refinery. *Id.* at 6–7. An employee of Marathon or Defendant G4S Regulated Security Solutions, Inc. ("G4S Security") smelled chemical fumes emanating from the tanker. *Id.* at 7. After an inspection of the tanker, the Marathon operator unloaded some of the chemical from the tanker. *Id.* Stewart then departed Michigan. *See id.* at 8.

In the early morning of August 11, 2016, Stewart stopped for fuel near Anna, Ohio. *Id.* at 8. Stewart inspected the tanker. *Id.* "[H]e noticed the sound of an unusual amount of pressure being released from the tanker's pressure relief valves." *Id.* He contacted Quality Carriers and emergency personnel to report his concern and followed their

---

[2] The chemical was sulfuric acid, not caustic soda. ECF 1, PgID 9. The Order will refer to the chemical as "caustic soda."

instructions and directives. *Id.* Then, while Stewart sat in the cab of the truck, the trailer exploded. *Id.* at 9. The explosion injured Stewart. *Id.*

To recover damages for his injuries, Stewart, a Louisiana citizen, initiated a lawsuit in Louisiana federal court ("Louisiana Action").[3] ECF 14, PgID 104; *see also* ECF 1, PgID 1, 2. The United States District Court for the Eastern District of Louisiana dismissed Polar Tank for lack of personal jurisdiction. ECF 14, PgID 105; ECF 14-5, PgID 149–56.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure permit a defendant to seek dismissal for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A plaintiff bears the burden of establishing personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.* 282 F.3d 883, 887 (6th Cir. 2002). Absent an evidentiary hearing, the Court considers "the pleadings and affidavits in a light most favorable" to the plaintiff and the plaintiff "need only make a prima facie showing of jurisdiction." *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) and *Neogen Corp.*, 282 F.3d at 887).

## DISCUSSION

When sitting in diversity, a federal court's exercise of personal jurisdiction over a non-resident defendant "must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Beydoun*, 768 F.3d at 504 (quoting *Neogen Corp.*, 282 F.3d at 888).

---

[3] The Louisiana district court first dismissed both Marathon and Polar Tank for lack of personal jurisdiction. *See* 2:17-cv-07775, *Stewart v. Marathon* (E.D. La.), ECF 103. Then the Louisiana district court dismissed defendants Qualawash Holdings, LLC, *id.* at ECF 119, Quality Distribution, Inc*., id.* at ECF 123, and Quality Carriers, Inc., *id.* at ECF 125 for lack of personal jurisdiction. Each dismissal was without prejudice.

3

Federal precedent distinguishes between "general or all-purpose jurisdiction" and "specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8–9 (1984)). A court may exercise general jurisdiction over a corporation when the corporation's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)); *see also Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State[.]" *Goodyear*, 564 U.S. at 919 (internal marks and internal quotation omitted).

The Court will analyze whether it may exercise general personal jurisdiction over Polar Tank. It will then consider whether it may exercise specific personal jurisdiction over Polar Tank. To consider whether either general or specific personal jurisdiction is appropriate, the Court must consider whether (1) Michigan law authorizes the exercise of personal jurisdiction and (2) if so, whether that exercise is permissible under the Fourteenth Amendment's Due Process Clause. *See Beydoun*, 768 F.3d at 504.

I. <u>General Personal Jurisdiction</u>

Michigan's general personal jurisdiction statute for corporations allows courts to exercise jurisdiction over a corporation if the corporation (1) is incorporated under Michigan law, (2) consents to personal jurisdiction, or (3) carries on "a continuous and

systematic part of its general business" in Michigan. Mich. Comp. Laws § 600.711.[4] None of the three bases apply to Polar Tank.

First, Polar Tank is incorporated under the laws of Minnesota, not Michigan. ECF 1, PgID 2. Second, Polar Tank states that it "has not consented to the exercise of personal jurisdiction" in Michigan. ECF 14, PgID 110. Stewart represents that none of the defendants in the Louisiana Action objected to the jurisdiction of the Eastern District of Michigan. ECF 1, PgID 2. A withholding of objection does not equal consent. And regardless, Stewart's representation does not constitute consent as governed by Michigan law. *See* Mich. Comp. Laws § 600.711(2) (providing for the consent basis of jurisdiction and referencing the requirements of Mich. Comp. Laws § 600.745).

Third, Polar Tank does not carry on a continuous and systematic part of its general business in Michigan. None of the complaint's allegations demonstrate that Polar Tank operates any part of its general business in Michigan. *See* ECF 14-3 (affidavit of Polar Tank's Senior VP describing its business operations). Stewart has failed to show that Polar Tank has any affiliation with Michigan that is so continuous and systematic "as to render [Polar Tank] essentially at home" in Michigan.[5] *See Goodyear*, 564 U.S. at 919.

Michigan law does not authorize the Court to exercise general personal jurisdiction over Polar Tank. *See Beydoun*, 768 F.3d at 504 (describing that a federal court's exercise

---

[4] Section 600.711 is one of two Michigan "long-arm statutes" related to the Court's exercise of personal jurisdiction.
[5] Even if Polar Tank maintains a website accessible to anyone over the internet, that internet access is insufficient to justify general personal jurisdiction. *See Hige v. Turbonetics Holdings, Inc.*, 662 F. Supp. 2d 821, 827 (E.D. Mich. 2009) (citing *Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 677 (6th Cir. 2005)).

5

of personal jurisdiction must be both authorized by state law and consistent with the Fourteenth Amendment's Due Process Clause).[6]

II.     Specific Personal Jurisdiction

   *A. Michigan Law Does Not Authorize Exercise of Specific Personal Jurisdiction*

Michigan's specific personal jurisdiction statute for corporations allows courts to exercise personal jurisdiction over a corporation for events "arising out of the act or acts which create any of the following relationships: (1) [t]he transaction of any business within the state" or "(2) [t]he doing or causing any act to be done, or consequence to occur, in the state resulting in an action for tort." Mich. Comp. Laws § 600.715.[7]

The transaction of any business "necessary for limited personal jurisdiction" over a corporation "is established by the slightest act of business in Michigan." *Neogen Corp.*, 282 F.3d at 888 (quotation and internal quotation marks omitted). Stewart fails to make even this sufficient showing. There is no evidence to support that Polar Tank has engaged in even "the slightest act of business" in Michigan.[8]

Nor did Polar Tank "[do] or caus[e] any act to be done, or consequence to occur" in Michigan that resulted in a tort. Mich. Comp. Laws. § 600.715(2). Stewart's complaint alleges that Polar Tank is liable for improper design of the tanker; failure to develop or maintain quality control procedures; failure to utilize appropriate parts in the tanker's

---

[6] Because Michigan law does not authorize the exercise of personal jurisdiction, the Court need not undertake the due-process-clause analysis for general personal jurisdiction.

[7] None of the provisions of § 600.715 is relevant here.

[8] *See Electrolines, Inc. v. Prudential Assurance Co.*, 260 Mich. App. 144, 168 (2003) (determining that the statutory language "transaction of any business" means the carrying of business involving "the purchase and sale of goods in an attempt to make a profit").

design and manufacture; failure to warn; violations of federal and state law for transportation of hazardous chemicals; and negligence. *See* ECF 1, PgID 12.

But none of the acts done by Polar Tank or consequences it caused to occur happened in Michigan. Polar Tank designed and manufactured the tanker in Minnesota. It sold the tanker to Quality Carriers in Florida. Stewart's complaint does not allege that Polar Tank had any contacts with Michigan. And, even if it did, Stewart has failed to show that Polar Tank's "contacts with" Michigan "proximately caused" his cause of action. *See Beydoun*, 768 F.3d at 507–08 (finding that the plaintiffs "failed to establish that their alleged causes of action proximately resulted from [defendant's] contacts with Michigan"). Numerous intervening events occurred between Polar Tank's manufacture and sale of the tanker and the explosion: Quality Carriers owned the tanker for more than one year before Stewart drove it, the tanker was filled with fertilizer, cleaned by Qualawash Holdings, filled with "caustic soda" by Marathon, unloaded of some of the "caustic soda" by Marathon, and exploded several hours later.

### B. The Court Need Not Decide Whether Exercising Specific Personal Jurisdiction Comports with Due Process

Michigan's specific personal jurisdiction long-arm statute "is coextensive with due process insofar as the statute is limited by due process, and, therefore, the statute and due process share the same outer boundary." *Green v. Wilson*, 455 Mich. 342, 350 (1997). But just because the long-arm statute and due process share the same outer boundary "does not mean that the two are equal and require a single inquiry based solely upon due process restrictions." *Id.* at 351.

Rather, "[t]he coextensive nature of Michigan's long-arm jurisdiction becomes pertinent only if the particular acts or status of a defendant first fit within a long-arm statute

7

provision." *Id.* at 350–51. Because specific personal jurisdiction under § 600.715 is not appropriate in the case, the Court need not address the due-process analysis. *Id.* at 351.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Polar Tank Trailer, LLC's motion to dismiss [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Polar Tank Trailer, LLC is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

                s/ Stephen J. Murphy, III
                STEPHEN J. MURPHY, III
                United States District Judge

Dated: December 12, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 12, 2018, by electronic and/or ordinary mail.

                s/ David Parker
                Case Manager